# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Destinee Price,<br><br>        Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>        Defendant. | 2:23-cv-01008-MDC<br><br>**Order**<br><br>Motion To Remand [ECF No. 17]; Cross-Motion To Affirm [ECF No. 21] |

This matter involves plaintiff Destinee Price's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Ms. Price filed a motion for remand (ECF No. 17) and the Commissioner filed a cross-motion to affirm. (ECF No. 21). The Court denies plaintiff's motion to remand and grants the Commissioner's cross-motion.

**I.    Background**

On September 13, 2020, Ms. Price applied for Disability Insurance Benefits pursuant to Title II of the Social Security Act with an initial onset date of March 16, 2020. AR[1] 389, 205-06. The claim was denied on May 24, 2021, and upon reconsideration on November 2, 2021. AR 38, 89-98, 100-09. Ms. Price requested a hearing before an Administrative Law Judge ("ALJ") on November 24, 2021. AR 38, 128. A hearing was held on March 8, 2022 before the ALJ. AR 60-87, 146. On May 24, 2022, the ALJ found that Ms. Price was not disabled. AR 38-52, 111.

---

[1] The Administrative Record ("AR") is at ECF No. 15-1.

The ALJ used the five-step sequential evaluation process (20 C.F.R. § 404.1520(a)) to determine whether Ms. Price was disabled. AR 39. The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2022.
2. [Step 1] The claimant did not engage in substantial gainful activity during the period of her alleged onset date of March 16, 2020 through her date last insured of March 31, 2022 (20 C.F.R. § 404.1571 *et seq.*).
3. [Step 2] Through the date last insured, the claimant had the following severe impairments: anxiety disorder and obsessive-compulsive disorder (OCD); tic disorder; schizophrenia; depressive disorder; personality disorder; inflammatory arthritis; and obesity (20 C.F.R. § 1520(c)).
4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
5. [Residual Functional Capacity ("RFC")] The claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she can occasionally climb ladders, ropes, or scaffolds, and occasionally crawl. She is unlimited with respect to climbing ramps and stairs, stooping, kneeling, or crouching. She can perform frequent handling and fingering. She can understand, remember, and carry out simple tasks. She can have occasional contact with the public but can have frequent contact with coworkers and supervisors.
6. [Step 4] Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. § 404.1565).
…
10. Through the date last observed, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569 and 404.1569a).
11. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 16, 2020, the alleged onset date, through March 31, 2022, the date last insured (20 C.F.R. § 404.1520(g)).

AR 38-52

Ms. Price appealed the May 2022 decision; however, the Appeals Council declined to disturb the decision of the ALJ. AR 1-3. Pending before this Court is Ms. Price's *Motion to Reverse and Remand Commission's Administrative Decision*. (ECF No. 17) and the Commissioner's *Countermotion to Affirm*

*the Agency's Decision* (ECF No. 21).

Ms. Price argues that (1) the ALJ failed to properly evaluate the medical opinion evidence; (2) the ALJ failed to properly evaluate the subjective statements of Ms. Price and her husband; and (3) remand is required to consider new evidence before the Appeals Council. ECF No. 17-1. The Commission argues that substantial evidence supports the ALJ's determination that Ms. Price was not disabled. ECF No. 21.

## II. Discussion

### a. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**b. Analysis**

The plaintiff, Ms. Price, raised three issues with the ALJ's decision. Ms. Price argues that (1) the ALJ failed to properly evaluate the medical opinion evidence; (2) the ALJ failed to properly evaluate the subjective statements of Ms. Price and her husband; and (3) remand is required to consider new evidence before the Appeals Council. ECF No. 17-1. The Commission argues that substantial evidence supports the ALJ's determination that Ms. Price was not disabled. ECF No. 21. For the reasons below, the Court denies Ms. Price's *Motion to Remand* (ECF No. 17) and grants Commissioner's Countermotion (ECF No. 21).

**i. Whether the ALJ Failed to Properly Evaluate the Medical Opinion Evidence**

Plaintiff argues that the ALJ did not properly evaluate the medical opinion evidence. ECF No. 17-1. The plaintiff asserts that the medical opinions from Dr. Ho and P.A. Martinez were not properly evaluated. *Id.* The Commissioner argues that the ALJ's analysis was properly supported by substantial

evidence. ECF No. 21. The Court finds that the ALJ properly evaluated the longitudinal medical evidence and medical opinion evidence and provided specific and legitimate reasons supported by substantial evidence to discount the opinions of the examining physicians.

The ALJ properly declined to give any deference of specific evidentiary weight to any prior administrative medical findings or medical opinions, including from Ms. Price's medical providers. AR 47. When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior administrative medical findings." 20 C.F.R. § 404.1520c(a). The ALJ must articulate how she considered the medical opinions and administrative medical findings based on certain specified factors. *Id.* The most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant…objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent…with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c) & (c)(2)). An ALJ may, but is not required to, address the remaining provided factors. 20 C.F.R. § 404.1520c(b).

The ALJ considered opinions from both the State agency psychological consultant and from Ms. Price's own providers. AR 38-52. The State agency psychological consultant at the initial level found in April 2021 that Ms. Price had moderate limitations in each of the Paragraph B areas of mental functioning. AR 47, 89-98. This was affirmed upon reconsideration in October 2021. AR 47, 100-10. "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Clark v. Kijakazi,* 2021 U.S. App. LEXIS 33784, at 3-4 (9th Cir. 2021) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). The ALJ

found that the State agency consultant's opinion was consistent with the longitudinal record. AR 47. In February 2022, Raquel Martinez, PA-C, summarized and opined that Ms. Price had moderate to marked limitations in the various Paragraph B areas of mental functioning since July 2021. AR 47, 1326-31, and 1398-1417[2]. The ALJ found the opinions of P.A. Martinez to be less persuasive. AR 48. The ALJ concluded that "apart from some observed anxious or otherwise abnormal mood or affect and occasional tearfulness, mental status findings from treatment notes were predominantly unremarkable, documenting unremarkable appearance; cooperative behavior; goal-directed and linear thought process; good judgment, insight, and impulse control; and no psychomotor abnormality. AR 47-48. The ALJ looked at the longitudinal record and found similar findings in other treatment records, finding that although there were similar reports of fluctuating symptoms, the mental status findings were ultimately largely unremarkable. *See Kitchen v. Kijakazi,* 82 F.4th 732, 740 (9th Cir. 2023); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may discount a doctor's opinions that are inconsistent with or unsupported by the doctor's own clinical findings). Because the reports from Ms. Price's physicians do not support their opinion regarding her impairments, the ALJ properly found the opinion unpersuasive.

As stated above, the Court finds that the ALJ's decision is supported by substantial evidence. Reviewing courts must affirm an ALJ's decision if it is supported by substantial evidence. *Perez v. Kijakazi*, 2023 U.S. Dist. LEXIS 143212, at 8 (D. Nev. Aug. 16, 2023); *see also Woods,* 32 F.4th at 787, 793. When determining whether substantial evidence supports an ALJ's decision, courts "look[] to all pages of the ALJ's decision." *Kaufman v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022). The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *See*

---

[2] It should be noted that although AR 1398-1417 lists Dr. Vincent Ho as the doctor, P.A. Martinez is the one who signed on the record.

*Batson v. Comm'r of Soc. Sec.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Because the Court finds that the ALJ properly supported her findings with substantial evidence, remand is not proper under this factor.

### ii. Whether the ALJ Failed to Evaluate the Subjective Statements of Plaintiff and Plaintiff's Husband

Ms. Price argues that the ALJ failed to properly evaluate her and her husband's subjective statements. ECF No. 17-1. The Commissioner argues that the ALJ properly discounted Ms. Price and her husband's statements. ECF No. 21. The Court finds that the ALJ properly addressed the subjective statements. ALJ considered the evidence and found that while the plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, the plaintiff's and her husband's statements concerning the intensity, persistence and limiting effects of the symptoms "are not entirely consistent with the medical evidence and other evidence in the record." AR 45; see also AR 45-50. "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 10258, 1035-36 (9th Cir. 2007). "First the ALK must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged'" *Id.* at 1036. "Second, if the claimant meets the first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only be offering specific, clear, and convincing reasons for doing so." *Id.* Factors an ALJ may consider include inconsistent daily activities, inconsistent treatment history, and other factors concerning the claimant's functional limitations. *Perez v. Kijakazi*, 2023 U.S. Dist. LEXIS 143212, at 14-15 (D. Nev. Aug. 16, 2023) (citing Social Security Ruling 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304).

At step one, the ALJ concluded that "[Ms. Price's] medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 45. However, the ALJ cited several reasons for rejecting Ms. Price and her husband's testimony. AR 45-50.

First, Ms. Price's testimony was inconsistent with the objective medical evidence in the record. "When objective medical in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Perezi,* 2023 U.S. Dist. LEXIS 143212, at 15 (citing *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022). Here, although Ms. Price alleged here symptoms amounted to severe impairments, the ALJ looked at the longitudinal record and found that "apart from some observed anxious or otherwise abnormal mood or affect and occasional tearfulness, mental status findings from treatment notes were predominantly unremarkable, documenting unremarkable appearance; cooperative behavior; goal-directed and linear thought process; good judgment, insight, and impulse control; and no psychomotor abnormality." AR -48. Similarly, the ALJ found that although Ms. Price received treatment in the form of medication and therapy, her treatments were altogether conservative, and showed improvement with compliance and adjusted changes. AR 38-52. "Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also Wellington v. Berryhill,* 878 F.3d 867, 876 (9th Cir. 2017) ("Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability.)

Second, the ALJ looked to evidence of Ms. Price's daily activities and found them inconsistent with her alleged symptoms. AR 38-52. *See* 20 C.F.R. § 404.1529(c)(3)(i) (Daily activities are another factor for the ALJ to consider when evaluating symptom allegations.) "The ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). "Even when those

activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Id.* Here, the ALJ found that Ms. Price had no issues with personal care, finding that she was able to prepare simple meals, count change, handle a savings account, and shop. AR 43. The ALJ also found that, despite Ms. Price's claim she had difficulty concentrating, completing tasks, and getting along with others, Ms. Price was able to routinely engage in treatments sessions, exhibiting a high level of responsiveness. AR 43. The ALJ also found Ms. Price also reported to engage in painting and meditating, which suggested she was able to maintain concentration and persistence to engage in those activities. AR 43. The ALJ properly concluded that reports of her daily activities conflicted with Ms. Price's claims of debilitating limitations.

The ALJ also considered statements from both Ms. Price's husband and her mother. AR 49. Since Ms. Price only contends that the ALJ did not properly consider the subjective statement from her husband, the Court will only analyze whether the ALJ erred as to that aspect. "To discount lay witness opinion evidence, an ALJ must give reasons germane to each witness." *Lindquist v. Colvin*, 588 Fed. Appx. 544, 547 (9th Cir. 2014) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053-54 (9th Cir. 2006)). Here, the ALJ determined that the husband's testimony was "generally consistent with the claimant's subjective complaints and allegations." AR 49. Thus, the same grounds that discredited Ms. Price's lay testimony also would discredit her husband's testimony. Accordingly, the alleged failure to evaluate the husband's testimony was harmless. *See Molina,* 674 F.3d at 1122 (holding that an ALJ's failure to comment upon a lay witness testimony is harmless where the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims.). Because the ALJ properly considered and discounted Ms. Price's subjective statements and because the alleged failure to evaluate her husband's similar testimony was harmless, the Court finds that remand is not proper on these grounds.

### iii. Whether Remand is Required to Consider New Evidence Before the Appeals Council

Ms. Price argues that remand is required to consider the new evidence that was not previously presented to the ALJ. ECF No. 17-1 at 24-25. The Commissioner argues that the new evidence fails to undermine the ALJ's findings for two reasons: (1) the opinion and examination occurred after Ms. Price insured status expired and (2) Dr. Ryser's findings and opinion were "near identical" to P.A. Martinez's findings and opinions. ECF No. 21 at 19. The Court finds that there are no grounds for remand under this factor.

To prevail on a claim for remand based on new evidence, Ms. Price must show that there is both: (1) new evidence that is material to her claimed disability, and (2) good cause for her failure to incorporate that evidence into the administrative record. *See Sanchez v. Secretary of Health & Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987). "New evidence is material when it bear[s] directly and substantially on the matter in dispute, and if there is a reasonabl[e] possibility that the new evidence would have changed the outcome of the…determination." *Luna v. Astrue,* 623 F.3d 1032, 1034 (9th Cir. 2010) (internal quotation marks and citations omitted); *see also* 42 U.S.C. § 405(g). The new evidence must be probative of the claimant's condition as it existed at or before the time of the disability hearing. *Kepler v. Kijakazi*, 2021 U.S. Dist. LEXIS 192828, at 8 (D. Nev. Oct. 6, 2021); *see also Sanchez*, 812 F.2d at 509. To demonstrate good cause, plaintiff must "demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *see also Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied.").

Ms. Price last met the insured status requirement of the Social Security Act on March 31, 2022. AR 40. The ALJ made her decision on May 24, 2022. AR 52. The new evidence provided by Ms. Price consists of a single medical record from Dr. Christina N. Ryser, dated August 8, 2022. AR 9. The new evidence *was* presented to the Appeals Council; however, the Appeals Council found that the new evidence "does not show a reasonable probability that it would change the outcome of the decision." AR 2. In addition, the new mental examination record did not indicate that it related back to the disability period. *See Allen v. Kijakazi*, 2023 U.S. App. LEXIS 7670, at 3 (9th Cir. 2023). The new examination was nearly identical to records previously discussed and found unpersuasive by the ALJ. Ms. Price is not entitled to remand based on the new medical evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (holding that claimants can submit new and material evidence to the Appeals Council and require it to consider the evidence, "so long as the evidence relates to the period on or before the ALJ's decision."). Since the new evidence is not material, the Court does not discuss the good cause requirement.

Ms. Price is not precluded from submitting a new disability application. The proper recourse when obtaining evidence of disability well outside the relevant timeframe is for the claimant to file a new application for disability. *See Kepler*, 2021 U.S. Dist. LEXIS 192828, at 7; *see also Carlson v. Saul*, 2020 U.S. Dist. LEXIS 226028, at 12 (D. Nev. Nov. 16, 2020) ("The medical evidence attached to [plaintiff's] notice, which post-dates the hearing and decision, is not material to the Commissioner's decision, but rather may be material to a new application for benefits.") Ms. Price may submit a new disability application using the mental examination report from Dr. Ryser; however, she is not entitled to remand.

ACCORDINGLY,

IT IS ORDERED that plaintiff Destinee Price's motion for reversal and/or remand (ECF No. 17) is DENIED and the Commissioner's cross-motion to affirm (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court enter final judgment AFFIRMING the decision of the Commissioner of Social Security.

The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

DATED this 4th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge